UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SHENIKA CRUTCHER, | ) |
| | ) |
| Plaintiff, | ) Case: 1:22-cv-04204 |
| | ) |
| v. | ) |
| | ) |
| VERSITI ILLINOIS, INC. D/B/A VERSITI BLOOD CENTER OF ILLINOIS, | ) |
| | ) |
| | ) **Jury Trial Demanded** |
| Defendant. | ) |

## COMPLAINT

Plaintiff, Shenika Crutcher ("Plaintiff"), by and through the undersigned counsel, hereby files this Complaint against Versiti Illinois, Inc. d/b/a Versiti Blood Center of Illinois ("Defendant"), and in support states as follows:

## NATURE OF ACTION

1. This action arises out of Plaintiff's employment relationship with Defendants, including her wrongful termination in violation of the Family and Medical Leave Act of 1993, 29 U.S.C. § 2601 *et seq*. ("FMLA").

## PARTIES

2. At all times material, Plaintiff was a resident of Kane County, Illinois.

3. At all times material to this Complaint, Plaintiff was an "eligible employee" as defined by the FMLA, 29 U.S.C. § 2611(2)(A).

4. At all times material, Defendant was an "employer" as defined by 29 U.S.C. § 2611(4).

1

5. At all times material, Defendant was a blood donation healthcare clinic that was doing business and having such clinics in Kane County, Illinois.

6. Defendant, is and at all times relevant was a blood donation healthcare clinic and its business activity affected interstate commerce.

## JURISDICTION AND VENUE

7. Plaintiff brings this action pursuant to the FMLA, 29 U.S.C. § 2601 *et seq.*

8. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331, 28 U.S.C. §§ 1343(3) and (4) and 28 U.S.C. § 2617.

9. Venue is proper under 28 U.S.C. § 1391(b) because the acts complained of by Plaintiff occurred within this judicial district and because Defendant's has systematic and continuous contacts within the district and because the employment records of Plaintiff are stored or have been administered, in Kane County.

## PROCEDURAL REQUIREMENTS

10. Plaintiff has complied with all conditions precedent in filing this action. Any other applicable conditions precedent to bringing this action have occurred, been performed or been excused before the filing of this lawsuit.

## BACKGROUND FACTS

11. Plaintiff worked for Defendant on or about April 6, 2015 to on or about April 6, 2022 as a phlebotomist.

12. Plaintiff was qualified for her job and was known to develop, meet and exceed performance standards for her department and job title.

13. From her date of hire until her unlawful termination, Plaintiff received satisfactory feedback from Defendant about her work performance.

14. On or around October 15, 2021, Plaintiff applied for FMLA leave from Defendant through Met Life to care for her mother and son. Plaintiff's parent and child both qualified under the FMLA with serious health conditions which required Plaintiff to take leave.

15. Two weeks following Plaintiff's application for protected leave, Defendant denied her request to which she was entitled to pursuant to the FMLA.

16. On or around February 1, 2022, Plaintiff's mother's serious medical condition worsened and Plaintiff applied for FMLA leave for the second time and was approved.

17. On or around February 15, 2022, Supervisor, Shanita Cocroft made retaliatory statements regarding the Plaintiff's time off to her and other staff members stating that "you should be grateful to even have your job; you should be terminated."

18. On or around February 15, 2022, Supervisor, Shanita Cocroft demanded to see the Plaintiff's FMLA paperwork. Plaintiff was instructed by Met Life and Human Resources Manager, Kumbi (last name unknown) that these documents were confidential and she was not required to show these documents to her Supervisor, Shanita Cocroft in order to keep her position.

19. On or around March 1, 2022, Plaintiff took 3- 4 days off to take her mother to various appointments. Plaintiff followed the proper protocol and informed Met Life to count these days as part of her intermittent FMLA.

20. On or around March 7, 2022, Plaintiff was informed by Supervisor, Shanita Cocroft that she had "missed a staff meeting" at 9:00 a.m. even though Plaintiff's shift does not begin until 11:00 a.m.

21. Plaintiff informed Shanita Cocroft that her shift begins at 11:00 a.m. and, additionally, that these meetings had been "cancelled" on her outlook calendar.

22. Plaintiff showed her supervisor the Outlook calendar showing that the meeting had been canceled.

23. On or around April 6, 2022, Supervisor, Shanita Cocroft and Manager, Natalia Runtoza called and terminated Plaintiff for attendance issues.

24. Defendant interfered with Plaintiff's FMLA rights and retaliated against Plaintiff after she attempted to file for FMLA medical leave on October 15, 2021.

### COUNT I
### Violation of the Family Medical Leave Act of 1993, 29 U.S.C. § 2601 et seq. ("FMLA")
### (FMLA Interference)

25. Plaintiff repeats and re-alleges paragraphs 1-24 as if fully stated herein.

26. Plaintiff was eligible for FMLA leave.

27. At all times material, Plaintiff gave proper notice to her employer by informing them of her mother's serious medical condition, and her need for FMLA leave.

28. Defendant controlled Plaintiff's work schedule and conditions of employment.

29. Defendant interfered with Plaintiff's ability to exercise her FMLA rights.

30. Despite their knowledge of Plaintiff's need for federally protected leave, Defendant failed to engage with Plaintiff to determine if any further medical documentation was required and interfered with her ability to take protected leave to which Plaintiff was entitled.

31. Plaintiff was approved for FMLA leave to care for her parent and child who suffered from a serious medical condition.

32. Defendant prevented Plaintiff from concluding her FMLA leave, which constituted unlawful interference pursuant to the FMLA.

33. Effective April 6, 2022, Defendant violated the FMLA by terminating Plaintiff's employment for absences covered under the FMLA and for terminating her employment prior to the conclusion of her leave.

34. As a result of Defendant's unlawful actions, Plaintiff has suffered and continues to suffer damages.

## COUNT II
### Violation of Section 105 of Family Medical Leave Act, 29 CFR § 825.220
### (Retaliation)

35. Plaintiff repeats and re-alleges paragraphs 1-24 as if fully stated herein.

36. Defendant terminated Plaintiff following her notification about her request for medical leave, which constitutes a request for taking FMLA leave.

37. Defendant terminated Plaintiff because she requested and/or took FMLA leave as described above. Specifically, Plaintiff requested FMLA leave when she explained that her parent and child had a serious medical condition that was severe or life threatening.

38. Defendant has intentionally engaged in unlawful employment practice in violation of the FMLA, by retaliating against Plaintiff for having requested to take leave for medical reasons.

39. Plaintiff's request for medical leave pursuant to the FMLA was a direct and proximate cause of her termination.

40. As a direct and proximate result of the intentional violations by Defendant, Plaintiff has suffered and continues to suffer damages.

## RELIEF REQUESTED

WHEREFORE, Plaintiff respectfully requests that this Honorable Court find in Plaintiff's favor and against Defendant as follows:

a. Enter judgment in Plaintiff's favor and against Defendant for interfering with Plaintiff's rights under the FMLA;

b. Enter judgment in Plaintiff's favor and against Defendant for FMLA retaliation;

c. Award Plaintiff actual damages suffered, including back pay, front pay, loss of benefits, future pecuniary loss, and lost future earnings capacity;

d. Award Plaintiff liquidated damages;

e. Award Plaintiff prejudgment interest on his damages award;

f. Award Plaintiff reasonable costs and attorney's fees;

g. Award Plaintiff any further relief pursuant to the FMLA; and

h. Grant Plaintiff such other and further relief as this court deems equitable and just.

### DEMAND FOR JURY TRIAL

Plaintiff hereby requests that all issues be submitted to and determined by a jury. Dated this 10th day of August, 2022.

/s/ *Nathan C. Volheim*
**NATHAN C. VOLHEIM, ESQ.**
IL Bar No.: 6302103
**CHAD W. EISENBACK, ESQ.**
IL Bar No.: 6340657
**SULAIMAN LAW GROUP LTD.**
2500 S. Highland Avenue, Suite 200
Lombard, Illinois 60148
Phone (630) 568-3056
Fax (630) 575 - 8188
nvolheim@sulaimanlaw.com
ceisenback@sulaimanlaw.com
*Attorneys for Plaintiff*

6